DAVID TAYLOR & Co. *v.* WM. CLARK.—M. H. LAUGHTER, Intervenor.

The allegation "that plaintiff is about to subject the said schooner or the bond substituted for the release thereof, to the payment of said judgment," is vague, uncertain and in the alternative, and is insufficient to support a demand for an injunction.

Matters available in defense of a suit, will not authorize an injunction, at least in the absence of any showing, that an irreparable injury is about to be inflicted.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *A. N. Ogden* and *Stansbury,* for plaintiff. *Smiley and Perin,* for intervenor and appellant.

LEA, J. The intervenor in this case is appellant, from a judgment dissolving an injunction which appears to have been improperly issued.

The appellant was allowed to bond the schooner Seventy-Six, which was attached as the property of *William Clark,* the defendant. Under the allegation that he is the owner of the schooner Seventy-Six he prays that the plaintiff, who has assumed a judgment against *Clark,* be enjoined from proceeding "*to satisfy his execution against Clark, out of the said vessel or the said bond,*" but there is no positive allegation that the plaintiff is about to seize the vessel, or that she is under seizure, or even within the State. His complaint is that the plaintiff is about to *subject* the said schooner or *the bond substituted for the release thereof,* to the payment of the said judgment. The matter of complaint is vague, uncertain, and in the alternative.

It is certainly no ground for an injunction, that the plaintiff is about to bring suit upon the bond. Matters available in defense of a suit will not authorize an injunction, at least in the absence of any showing that an irreparable injury is about to be inflicted.

Moreover the affidavit is insufficient. There is no deposition to the truth of the allegation in the petition, and even admitting that the omission was a clerical error, it is not one which could be corrected or amended by the affidavit of the attorney of the intervenor, unless such affidavit was of itself a sufficient basis for the issuance of the writ, which it is not.

We think the injunction was properly dissolved, and that damages should be allowed.

It is ordered that the judgment appealed from, be amended, so as to read as follows: It is ordered that the rule taken herein, to dissolve the injunction, be made absolute, that said injunction be dissolved and set aside, and that the plaintiffs, *David Taylor & Co.*, do have and recover of *M. H. Laughter*, the intervenor, thirty        dollars damages, and that the appellant pay costs in both courts.